UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| POMPEIAN, INC.,<br>4201 Pulaski Highway<br>Baltimore, MD 21224 | * | |
| Plaintiff, | * | |
| v. | * | |
| | | CIVIL ACTION NO.: |
| THE MILL AT KINGS RIVER, LLC,<br>15111 East Goodfellow Avenue<br>Sanger, CA 93657 | * | |
| Defendant. | * | JURY TRIAL DEMANDED |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Pompeian, Inc. ("Plaintiff" or "Pompeian") hereby files this Complaint against the defendant The Mill at Kings River, LLC ("Defendant" or "Kings River"). Plaintiff alleges as follows:

### NATURE OF ACTION

1. This is a breach of contract action concerning a purchase agreement in which Defendant agreed to deliver to Plaintiff 165.86 metric tons of olive oil for $1,992,000. Plaintiff prepaid Defendant $1,000,000, with the remainder due on delivery and acceptance of the goods, but Defendant never delivered the olive oil. Plaintiff seeks relief accordingly as prayed for below.

### THE PARTIES

2. Plaintiff Pompeian is a Maryland corporation, with its principal place of business in Maryland. Pompeian is in the business of producing olive oil.

3. Upon information and belief, Defendant Kings River is a limited liability company whose members, John Mesrobian and Rolland Rosenthal, are citizens of California. Kings River is in the business of food processing.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and members of the defendant LLC are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Kings River is subject to this Court's personal jurisdiction.

## FACTS COMMON TO ALL COUNTS

6. On December 1, 2022, Pompeian and Kings River entered into Purchase Agreement No. 120122A ("Agreement"), attached to this Complaint as Exhibit 1.

7. Under the Agreement, Kings River would supply 165.86 MT (*i.e.*, metric tons) of California Extra Virgin Olive Oil (the "Product") to Pompeian no later than February 1, 2023, in exchange for a total payment of $1,992,000.

8. In December 2022, Pompeian prepaid $1,000,000 to Kings River for the Product, with the remaining balance to be paid upon delivery and acceptance of the Product.

9. As required by the Agreement, Kings River provided pre-shipment samples for testing and approval. However, the samples provided failed inspection. Pompeian timely notified Kings River that the pre-shipment samples did not comply with the Agreement.

10. Kings River's failure to provide compliant samples was a breach of the Agreement.

11. Despite numerous opportunities to do so, Kings River has not provided compliant samples and thus has not cured its breach.

12. Nonetheless, Pompeian has continued, throughout the fall and winter of 2023, to attempt to negotiate a resolution with Kings River, proposing numerous remedies in order to mitigate damages resulting from Kings River's breach. Despite continued negotiations, and Pompeian's efforts, Kings River has failed to cure its breach.

13. Kings River has not confirmed when, or if, it will do so.

14. Absent a cure, Pompeian has asked Kings River to return the $1,000,000 prepayment.

15. As of the date of this Complaint, Kings River continues to retain Pompeian's $1,000,000 prepayment.

16. In addition to the wrongful retention of Pompeian's prepayment, Kings River's breach has damaged Pompeian's business.

17. Under the Agreement, "[a]ny manufacturer defects that result in downtime on Pompeian's production lines are subject to fines of one thousand dollars (USD 1,000) per hour of lost production time and/or two hundred fifty dollars (USD 250) per hour of rework time."

## COUNT I
**(Breach of Contract)**

18. Pompeian realleges the preceding paragraphs and incorporates them by reference.

19. The Agreement is a valid and binding contract between Pompeian and Kings River.

20. Pursuant to the Agreement, Kings River had an obligation to deliver the Product to Pompeian by February 1, 2023, in exchange for $1,992,000.

21. Kings River was also obligated to provide samples to Pompeian for approval.

22. Pompeian has met its obligations under the Agreement. Pompeian prepaid $1,000,000, with the remainder to be paid upon King River's delivery and Pompeian's acceptance of the Product.

23. Kings River failed to provide pre-shipment samples that conformed to the requirements of the Agreement and further failed to deliver any Product by the End Date. This failure constitutes a breach of the Agreement.

24. As a direct and proximate cause of this breach, Pompeian has been substantially harmed and is entitled to relief.

WHEREFORE, Plaintiff prays for the relief stated below.

## COUNT II
### (Unjust Enrichment)

25. Pompeian realleges the preceding paragraphs and incorporates them by reference.

26. In the alternative, in the event that this Court finds that no contract was formed, Kings River has been unjustly enriched by accepting and benefitting from the retention of Pompeian's $1,000,000 prepayment while refusing and/or failing to provide the agreed-to Product.

27. Pompeian and Kings River entered into an agreement under which Kings River would supply 165.86 MT of the Product to Pompeian no later than February 1, 2023, in exchange for a total payment of $1,992,000.

28. Pompeian prepaid Kings River $1,000,000 for the delivery of the Product. Kings River knowingly accepted this prepayment and has received the benefit of retaining these funds.

29. The prepayment was made under such circumstances that Kings River knew that Pompeian expected to receive conforming Product by February 1, 2023.

30. Kings River did not deliver the Product but retains the $1,000,000 prepayment despite Pompeian's request for the return of these funds.

31. Principles of equity dictate that this Court provide Pompeian with a remedy.

WHEREFORE, Plaintiff prays for the relief stated below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Pompeian seeks judgment in its favor and against Defendant Kings River as follows:

a. For the Court to enter judgment against Kings River in a sum in excess of the jurisdictional limit, to be determined according to proof at trial, together with interest thereon at the maximum statutory rate, fees and costs incurred herein, including attorneys' fees incurred in the Action and to prosecute this action, and such other and further relief as the Court may deem just and proper.

b. For an award against Kings River of all actual, general, consequential, and incidental losses in an amount to be determined according to proof at trial, which includes fees identified in the Agreement and attorneys' fees incurred in the Action and to prosecute this action, together with interest thereon at the maximum statutory rate.

c. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues properly triable by jury.

[*signature appears on following page*]

Dated: December 22, 2023                     /s/ Alexander Koff
                                             Alexander Koff (Bar No. 30122)
                                             Ashleigh J. F. Lynn (Bar No. 28524)
                                             VENABLE LLP
                                             750 East Pratt Street, Suite 900
                                             Baltimore, MD 21202
                                             Telephone: (410) 528-4623
                                             Fax: (410) 244-7742
                                             AKoff@Venable.com
                                             ALynn@Venable.com

                                             *Counsel for Pompeian, Inc.*