**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **POMPEIAN, INC.,** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | **Civ. No.: MJM-23-3494** |
| **v.** | * | |
| | * | |
| **THE MILL AT KINGS RIVER, LLC,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

* * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff Pompeian, Inc. ("Pompeian" or "Plaintiff") brings this action against The Mill at Kings River, LLC ("Defendant"), alleging breach of contract and unjust enrichment. Compl. (ECF No. 1). Plaintiff's claims arise out of a purchase agreement between the parties wherein Defendant agreed to supply Plaintiff with 165.86 metric tons of olive oil in exchange for $1,992,000. *Id.* ¶¶ 6–7.

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion"). (ECF No. 5). The Motion is fully briefed and ripe for disposition. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, Defendant's Motion will be granted, and the Complaint will be dismissed without prejudice.

## I. BACKGROUND

The following facts are drawn from the Complaint (ECF No. 1); the Declaration of Jim Casey, Plaintiff's chief financial officer (ECF No. 7-1); and, to the extent they are uncontested,

the Declaration of John Mesrobian, an owner of Defendant (ECF No. 5-3).[1]

Plaintiff is a Maryland corporation in the business of producing olive oil. Compl. ¶ 2. Defendant is a California limited liability company in the business of processing olives into olive oil. Mesrobian Decl. ¶ 4. On December 1, 2022, Plaintiff and Defendant entered into a purchase agreement ("Agreement") wherein Defendant agreed to supply 165.86 metric tons of olive oil (the "Product") in exchange for $1,992,000. Compl. ¶¶ 6–7. Plaintiff prepaid $1,000,000 for the Product, "with the remaining balance to be paid upon delivery and acceptance . . . ." *Id.* ¶ 8. As required by the Agreement, Defendant "provided pre-shipment samples for testing and approval." *Id.* ¶ 9. The samples, however, failed inspection and were not in compliance with the Agreement. *Id.* ¶¶ 9–10. Despite Plaintiff's efforts to negotiate, Defendant failed to provide compliant samples and, therefore, failed to remedy its breach. *Id.* ¶¶ 11–12. At the time the Complaint was filed, Defendant had not returned Plaintiff's $1,000,000 prepayment, despite Plaintiff's request. *Id.* ¶¶ 14–15.

Relevant to personal jurisdiction, Defendant is a citizen of California, where its members reside.[2] Mesrobian Decl. ¶ 2. Under the Agreement, the Product was "to be produced . . . in California and then shipped as directed by" Plaintiff. *Id.* ¶ 5. Casey states that the Product was to be shipped to Plaintiff "at its place of business in Maryland no later than February 1, 2023." Casey Decl. ¶ 7. Defendant "sent an invoice for the Product to Maryland." *Id.* ¶ 9. Following prepayment,

---

[1] When considering a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the court must construe the pleadings and affidavits in the light most favorable to the plaintiff, giving them the benefit of all reasonable inferences in their favor. *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). The Court also considers uncontested facts submitted by the defendant. *See Conn v. Zakhrov*, 667 F.3d 705 (6th Cir. 2012).

[2] "For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship . . . of all of its members." *Cent. W. Va. Energy Co., Inc. v. Mtn. State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

which was sent to Defendant in California, Mesrobian Decl. ¶ 7, Defendant "provided pre-shipment samples to [Plaintiff] in Maryland for testing and approval." Casey Decl. ¶ 15. The samples were rejected by Plaintiff in Maryland. *Id.* ¶ 15. Since then, there has been no further exchange of payment or product. *Id.* ¶¶ 16–20.

## II. APPLICABLE LAW

The Due Process Clause of Fourteenth Amendment "limits a state court's power to exercise jurisdiction over a defendant." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). Rule 4 of the Federal Rules of Civil Procedure authorizes the district court to "exercise personal jurisdiction over a defendant in the manner provided by state law." *Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003); *see also* Fed. R. Civ. P. 4(k)(1)(A) ("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]"). "[F]or a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Id.*

A motion to dismiss under Fed. R. Civ. P. 12(b)(2) "raises an issue for the court to resolve, generally as a preliminary matter." *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016). Under Rule 12(b)(2), a defendant "must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge." *Id.*; *see also UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020). The burden is "on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a

preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989); *see also Grayson*, 816 F.3d at 267.

"The plaintiff's burden in establishing jurisdiction varies according to the posture of a case and the evidence that has been presented to the court." *Grayson*, 816 F.3d at 268. "When personal jurisdiction is addressed . . . without an evidentiary hearing, the party asserting jurisdiction has the burden of establishing a *prima facie* case of jurisdiction." *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 226 (4th Cir. 2019); *see also Grayson*, 816 F.3d at 268. In that case, "the district court must determine whether the facts proffered by the party asserting jurisdiction, assuming they are true, make out a case of personal jurisdiction over the party challenging jurisdiction." *Hawkins*, 935 F.3d at 226 (citations omitted). Notably, "'[a] threshold *prima facie* finding that personal jurisdiction is proper does not finally settle the issue; plaintiff must eventually prove the existence of personal jurisdiction by a preponderance of the evidence, either at trial or at a pretrial evidentiary hearing.'" *Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 n.5 (4th Cir. 2005) (citation omitted). Further, "[u]nlike under Rule 12(b)(6), the court may also consider affidavits submitted by both parties, although it must resolve all factual disputes and draw all reasonable inferences in favor of the party asserting jurisdiction." *Hawkins*, 935 F.3d at 226 (citation omitted); *see also UMG Recordings, Inc.*, 963 F.3d at 350; *Grayson*, 816 F.3d at 268; *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009); *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 62 (4th Cir. 1993).

"The Court has considerable procedural leeway in choosing a methodology for deciding the [Rule 12(b)(2)] motion." *Vape Guys, Inc. v. Vape Guys Distribution, Inc.*, Civ. No. 3:19-298, 2020 WL 1016443, at *5 (E.D. Va. Mar. 2, 2020) (internal quotation marks omitted) (quoting 5B Charles Alan Wright and Arthur Miller, Fed. Practice & Procedure § 1351, at 305 (3d ed. 2004)).

Some courts "have identified three possible approaches: ruling on the written record, permitting discovery, or holding an evidentiary hearing." *Id.*; *see also Combs*, 886 F.2d at 676 ("If the existence of jurisdiction turns on disputed factual questions the court may resolve the [jurisdictional] challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question."); *Mylan Labs.*, 2 F.3d at 64 (in its discretion, a court may permit discovery as to the jurisdictional issue). However, neither discovery nor an evidentiary hearing is required for the court to resolve a motion under Rule 12(b)(2). *See generally* 5B Wright & Miller, Fed. Prac. & Proc. § 1351 (4th ed. 2019).

## III. DISCUSSION

Defendant moves to dismiss for lack personal jurisdiction. ECF No. 5; Fed. R. Civ. P. 12(b)(2). In this case, the Court can establish personal jurisdiction over Defendant if the exercise of jurisdiction complies with Maryland's long-arm statute and with the Due Process Clause of the Fourteenth Amendment. *Carefirst of Md. Inc.*, 334 F.3d at 396.

Maryland's long-arm statute provides that "[a] court may exercise personal jurisdiction over a person, who directly or by an agent . . . [c]auses tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State . . . ." Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(4). "The Maryland courts have consistently held that the state's long-arm statute is coextensive with the limits of personal jurisdiction set by the due process clause of the Constitution." *Carefirst of Md.*, 334 F.3d at 396 (citing *Mohamed v. Michael*, 370 A.2d 551, 553 (1977)). As a result, "[t]he statutory and constitutional requirements thus 'ultimately collapse into

virtually the same analysis.'" *Bradley v. DentalPlans.com*, 617 F. Supp. 3d 326, 333 (D. Md. 2022) (quoting *Mylan Labs.*, 2 F.3d at 61 n.3).

The U.S. Supreme Court recognizes two types of personal jurisdiction: general and specific. *Ford Motor*, 592 U.S. at 352. General jurisdiction "extends to any and all claims brought against a defendant." *Id.* at 359 (cleaned up). However, "[o]nly a select set of affiliations with a forum will expose a defendant to such sweeping jurisdiction[,]" such as when the forum is a corporate defendant's "place of incorporation" or "principal place and principal place of business." *Id.* (cleaned up). A business's principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities . . . [it is] the corporation's 'nerve center.'" *Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010). A forum has general jurisdiction over a defendant when the defendant's contacts with the forum state are so "continuous and systematic" to render the defendant "at home" in the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918–19 (2011).

Defendant is not "at home" in Maryland. It is a limited liability company whose members reside in California and whose only place of business is in California. Compl. ¶ 3; Mesrobian Decl. ¶ 2. The Court does not have general jurisdiction over Defendant in Maryland.

Specific jurisdiction, on the other hand, "covers defendants less intimately connected with a [forum] State, but only as to a narrower class of claims." *Ford Motor*, 592 U.S. at 352. "[T]he constitutional touchstone" for specific jurisdiction is "whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). That is, a defendant subject to specific personal jurisdiction "must take some act by which it purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor*, 592 U.S.

at 352 (cleaned up). Such a defendant's contacts with the forum "must show that the defendant deliberately 'reached out beyond' its home—by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there." *Id.* at 359 (alterations in original) (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)). The Supreme Court has held that a defendant may be subject to personal jurisdiction where it has "established a substantial and continuing relationship" with the forum state. *Burger King*, 471 U.S. at 479.

Additionally, "[t]he plaintiff's claims . . . 'must arise out of or relate to the defendant's contacts' with the forum[ ]" in order for the forum to exercise specific jurisdiction of the defendant. *Id.* (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017)). The phrase "arise out of" indicates a causal relation, while "relate to" "contemplates that some relationships will support jurisdiction without a causal showing." *Ford Motor*, 592 U.S. at 362. Ultimately, a court's exercise of personal jurisdiction "depends on the defendant's having such 'contacts' with the forum State that 'the maintenance of the suit' is 'reasonable, in the context of our federal system of government,' and 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 358 (quoting *Int'l Shoe*, 326 U.S. at 316–317).

The U.S. Court of Appeals for the Fourth Circuit has reduced "the due process requirements for asserting specific personal jurisdiction" to a three-prong test considering: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *UMG Recordings,* 963 F.3d at 351–52 (citing *Consulting Eng'rs Corp.*, 561 F.3d at 278).

Regarding purposeful availment, the Fourth Circuit has identified several non-exhaustive factors to be considered, including:

> (1) whether the defendant maintained offices or agents in the State; (2) whether the defendant maintained property in the State; (3) whether the defendant reached into the State to solicit or initiate business; (4) whether the defendant deliberately engaged in significant or long-term business activities in the State; (5) whether a choice of law clause selects the law of the State; (6) whether the defendant made in-person contact with a resident of the State regarding the business relationship; (7) whether the relevant contracts required performance of duties in the State; and (8) the nature, quality, and extent of the parties' communications about the business being transacted.

*Sneha Media & Ent., LLC v. Associated Broad. Co. P Ltd.*, 911 F.3d 192, 198–99 (4th Cir. 2018) (citing *Consulting Eng'rs Corp.*, 561 F.3d at 278).

In this case, Plaintiff argues that personal jurisdiction is constitutionally permissible because Defendant "purposefully acted in Maryland." ECF No. 7 at 6. Specifically, Plaintiff points to the contract negotiations and "binding agreement with a Maryland company." *Id.* Further, Defendant sent an invoice to Maryland and accepted the subsequent $1,000,000 prepayment in in furtherance of the Agreement. *Id.* Then, "[a]s required by the Agreement, [Defendant] [sent] pre-shipment samples for testing and approval" to Maryland. Compl. ¶ 9; ECF No. 7 at 7.

Defendant's contacts with Maryland, as alleged by Plaintiff, are inadequate to establish specific personal jurisdiction. Defendant does not maintain any offices, agents, or property in Maryland. Mesrobian Decl. ¶¶ 2–3. Plaintiff has failed to allege that Defendant solicited any business in Maryland. *See, e.g.*, *Hardy v. Pioneer Parachute Co.*, 531 F.2d 193, 195 (4th Cir. 1976) (holding that "[n]o unconstitutional burden is imposed on a foreign corporation by requiring it to defend a suit in a forum located in a state where it has advertised and sold a product whose use gave rise to the cause of action"). Rather, Plaintiff contacted Defendant regarding the purchase

of Defendant's Product. Mesrobian Decl. ¶ 4.[3] Plaintiff does not allege that Defendant had any "in-person contact" with a Maryland resident regarding the business relationship.

Critically, even if Defendant "deliberately engaged" in business activities with Plaintiff in Maryland, such activities cannot be described as "significant or long-term." *See Sneha Media & Ent.*, 911 F.3d at 198. Rather, Defendant's conduct in Maryland was, at best, participation in a single transaction to supply the Product to Plaintiff.[4] A party's engagement in a single transaction with another party in another forum does not automatically subject a party to personal jurisdiction in that forum. *See, e.g.*, *Burger King*, 471 U.S. at 476 (holding that "some single or occasional acts related to the forum may not be sufficient to establish jurisdiction if their nature and quality and the circumstances of their commission create only an attenuated affiliation with the forum") (internal quotation marks and citations omitted). A single transaction, however, may confer jurisdiction if it "was a complicated transaction involving more than the mere exchange of money for goods or services, or if the transaction created some sort of ongoing obligation or relationship." *McNeil v. Sherman*, No. 2:09-CV-00979-PMD, 2009 WL 3255240, *5 (D.S.C. Oct. 7, 2009) (citing *Adelson v. Hananel*, 510 F.3d 43, 49 (1st Cir. 2007); *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1219 (7th Cir. 1990) ("While a single contract between a seller and a nonresident buyer, without something more (such as active solicitation), does not automatically establish purposeful availment . . . where a defendant has created 'continuing obligations' between

---

[3] Casey states that Defendant "expressed interest in selling olive oil to Pompeian . . . ." Casey Decl. ¶ 6. This does not contradict Mesrobian's statement that Plaintiff solicited Defendant to purchase the Product. Mesrobian Decl. ¶ 4.

[4] The parties contest whether Defendant agreed to supply the Product to Maryland. *See* Mesrobian Decl. ¶ 5 ("The [Product] was to be produced at the Mill in California and then shipped as directed by Pompeian."); Casey Decl. ¶ 7 (The parties "agreed that [Defendant] would supply" the Product "to Pompeian at its place of business in Maryland."). For purposes of adjudicating the Motion, the Court will accept as true Plaintiff's allegation that the Defendant agreed to deliver the Product to Plaintiff in Maryland.

himself and the residents of the forum, he manifestly avails himself of the privilege of conducting business in the forum.") (citation omitted)).

The single transaction at issue in this case was not complicated, nor did it create an ongoing obligation on Defendant or relationship between Defendant and Maryland. The transaction consisted solely of a single payment in exchange for a finite quantity of Defendant's Product. Specifically, Plaintiff alleges that Defendant agreed to supply the Product to Maryland.[5] Casey Decl. ¶ 7. Thereafter, Defendant sent an invoice to Maryland for the $1,000,000 pre-shipment payment. Compl. ¶ 8; Casey Decl. ¶ 9. These facts tend to support the exercise of personal jurisdiction in Maryland, as the Agreement required performance of Defendant's duties in Maryland, and Defendant acted in furtherance of the Agreement. Ultimately, however, the parties did not complete the transaction. Plaintiff alleges Defendant sent Product samples to Maryland that were non-compliant with the Agreement but sent no further samples. *Id.* ¶¶ 9–13. Further, even if the Agreement had been fulfilled, Plaintiff does not allege that Defendant would have any continuing obligation or relationship with Plaintiff or anyone else in Maryland. *See, e.g.*, *Chung v. NANA Dev. Corp.*, 783 F.2d 1124, 1127 (4th Cir. 1986) (holding that a single transaction between parties initiated by plaintiff and negotiated outside the forum state was not enough to establish purposeful availment); *Clarke Veneers & Plywood, Inc. v. Mentakab Veneer & Plywood, SDN BHD*, No. GLR-19-1738, 2019 WL 7565450, at *5 (D. Md. Oct. 23, 2019) (finding no specific jurisdiction where the defendant's "only contact with Maryland [was] the shipment of plywood into the Port of Baltimore"), *aff'd*, 821 F. App'x 243 (4th Cir. 2020). Accordingly, Plaintiff has failed to make a prima facie showing that Defendant purposefully availed itself of the privilege of

---

5 As Defendant recognizes, and Plaintiff does not contest, Defendant negotiated the Agreement in California. Mesrobian Decl. ¶¶ 4, 6, 10. At this stage, it is unclear which state's law would apply to Plaintiff's claims, so that factor of the purposeful availment analysis is neutral.

conducting business in Maryland. Defendant's motion to dismiss may be granted for this reason alone. *See Consulting Eng'rs Corp.*, 561 F.3d at 278 ("If, and only if, we find that the plaintiff has satisfied this first prong of the test for specific jurisdiction need we move on to a consideration of prongs two and three.").

In sum, this Court finds that it lacks personal jurisdiction over Defendant.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction will be GRANTED, and the Complaint will be DISMISSED without prejudice.

A separate Order will follow.

June 27, 2024
Date

Matthew J. Maddox
United States District Judge